FILED

MAY - 8 2012

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA LEE WALLACH LORRETZ,<br><br>                      Plaintiff,<br>vs.<br><br>JEWISH FEDERATION,<br><br>                      Defendant. | CASE NO. 12-cv-1055 – BEN (NLS)<br><br>ORDER:<br><br>(1) GRANTING REQUEST TO PROCEED *IN FORMA PAUPERIS*, [Doc. No. 2];<br><br>(2) *SUA SPONTE* DISMISSING COMPLAINT; and<br><br>(3) DENYING AS MOOT MOTION TO APPOINT COUNSEL, [Doc. No. 3]. |

Plaintiff Diana Lee Wallach Lorretz, proceeding *pro se*, has filed a complaint alleging that Defendant Jewish Federation did not allow her to learn Hebrew, bullied and tortured her, and created fraudulent "records" against her and her family. Plaintiff has not paid the $350 civil filing fee required to commence this action, but has filed a motion to proceed *in forma pauperis*. [Doc. No. 2.] Plaintiff also filed a motion to appoint counsel. [Doc. No. 3.] For the reasons set forth below, the Court **GRANTS** the motion to proceed *in forma pauperis*, *sua sponte* screens and **DISMISSES** the complaint, and **DENIES AS MOOT** the motion to appoint counsel.

## DISCUSSION

**I.   Motion to proceed *in forma pauperis***

Parties instituting any civil action in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Having reviewed Plaintiff's declaration in support of her motion to proceed *in*

- 1 -

12cv1055

*forma pauperis*, the Court finds it sufficient to show that she is unable to pay the fees or post securities required to maintain this action. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).

## II. *Sua sponte* screening

An *in forma pauperis* complaint is subject to mandatory screening. Pursuant to 28 U.S.C. § 1915(e)(2)(B), notwithstanding any filing fee, the Court must dismiss any complaint if at any time the Court determines that it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." The *sua sponte* screening is mandatory. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners." (citation omitted)).

In this case, Plaintiff's one-paragraph complaint alleges that Defendant Jewish Federation did not allow Plaintiff to learn Hebrew, bullied her, tortured her "with bad food and with drugs," and "created records fraud about Plaintiff, her brother, her parents, her husband, causing terrible harm." It is unclear, however, what the constitutional or statutory ground for relief is. Accordingly, the complaint is hereby **DISMISSED** because it fails to allege sufficient factual matter, accepted as true, to state a plausible claim to relief. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

## CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. Plaintiff's complaint is hereby **DISMISSED WITH LEAVE TO AMEND** for failure to state a claim. If Plaintiff wishes to amend her complaint, she should file the amended complaint no later than **May 29, 2012**. In light of the dismissal, Plaintiff's motion to appoint counsel is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Date: May ___, 2012

Honorable Roger T. Benitez
United States District Judge