# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA LEE WALLACH LORRETZ,<br><br>                            Plaintiff,<br>vs.<br><br>JEWISH FEDERATION,<br><br>                           Defendant. | CASE NO. 12-cv-1055 – BEN (NLS)<br><br>ORDER *SUA SPONTE* SCREENING AND DISMISSING AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) |

        Plaintiff Diana Lee Wallach Lorretz, proceeding *pro se*, has filed an amended complaint alleging that Defendant Jewish Federation did not allow her to learn Hebrew and otherwise harmed her and her family. The Court previously granted Plaintiff leave to proceed *in forma pauperis*, but dismissed the complaint with leave to amend for failure to state a claim. [Doc. No. 4.] Having considered Plaintiff's amended complaint, the Court **DISMISSES** it for failure to state a claim.

## DISCUSSION

### I.    Factual allegations

        The allegations in Plaintiff's amended complaint comprise one paragraph spanning twenty three lines of text. Plaintiff alleges that Defendant Jewish Federation has "deliberately obstructed" certain Jewish persons' efforts. Those persons are Plaintiff herself, her only sibling, their parents, and Plaintiff's husband. It is unclear, however, what specific "efforts" were obstructed.

        Plaintiff describes herself as a "naturopathic orthodox Jewish agriculture person," who "drinks

goat milk, [is] anti-drugs, [and an] enrolled student." Plaintiff's father built a nuclear power plant. Plaintiff was forced out of Israel and back to the United States on three occasions: twice in 2010 and once in 2012. Plaintiff has attempted to return (apparently, unsuccessfully) to Israel since 1957. No one taught Plaintiff Hebrew (presumably, while she was in Israel). This appears to be significant to Plaintiff, because her parents and grandparents do not speak English.

Defendant recently told Plaintiff "to buy a Cricket cell phone." Also, in 2011, Defendant told Plaintiff "to go to Gary and Mary West Senior Center" in San Diego, "instead of anywhere else," when Plaintiff arrived from New York City. Defendant's activity allegedly includes premeditated murder.

## II. *Sua sponte* screening

An *in forma pauperis* complaint is subject to mandatory screening. Pursuant to 28 U.S.C. § 1915(e)(2)(B), notwithstanding any filing fee, the Court must dismiss any complaint if at any time the Court determines that it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." The *sua sponte* screening is mandatory. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners." (citation omitted)).

"The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a plausible claim to relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In the present case, as can be seen from the factual recitations above, Plaintiff's amended complaint fails to state *any* legal theory for recovery against Defendant. Plaintiff alleges that she was not taught Hebrew and was otherwise harmed by Defendant, but she does not provide the Court with any statutory or constitutional authority that would allow her to recover for this alleged harm. Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court must **DISMISS** the amended complaint because it fails to allege any cognizable legal theory for recovery against Defendant.

## CONCLUSION

Plaintiff's amended complaint is hereby **DISMISSED WITH LEAVE TO AMEND** for failure to state a claim. If Plaintiff wishes to amend her complaint, she should file a second amended complaint, which addresses the deficiencies described above, no later than **June 11, 2012**. The second amended complaint should be complete in and of itself and should not refer to any prior pleadings.

**IT IS SO ORDERED.**

Date:  May 18, 2012

Honorable Roger T. Benitez
United States District Judge